## ROSS v PFEIFFER

Ohio Appeals, 2nd Dist, Franklin Co

No 2967.  Decided March 20, 1939

(BARNES, J. and GUERNSEY, J, of the Third Appellate District, sitting by designation.)

H. J. Gardner, Columbus, and James C. Nicholson, Columbus, for plaintiff-appellee.

Grover C. Brown, Columbus, and Milton W. Buffington, Columbus, for defendant-appellant.

### OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment for costs in favor of the defendant.  There are eleven assigned errors which we do not set out but have considered in their entirety.

The action of the plaintiff was one to recover money claimed to have been paid by her to the Columbian Building & Loan Company on a mortgage wherein Harold Pfeiffer, son of defendant, was the debtor, on a promise of the defendant to repay it to plaintiff. Plaintiff also claimed compensation for services as Trustee during a period when she was holding certain property which she claimed belonged to the defendant to secure indebtedness to her.  Also damages for impaired health as a result of abusive language used by the defendant and directed toward the plaintiff and for attorney's fees occasioned by the necessity of representation because of the threats, demands and abusive language used by the defendant toward plaintiff.

Issues were drawn by general denial and a second defense of res adjudicata. To the second defense, plaintiff replied with a general denial.  The cause came on to be tried, the jury was waived and it was submitted to judge without intervention of a jury.

At the conclusion of plaintiff's case and again at the conclusion of the whole case the defendant moved to dismiss the action.  At the conclusion of the case the trial judge also extended to defendant the right to set up a defense of the Statute of Frauds asserting that if the promise of the defendant to pay was made by the defendant it was an agreement to pay the indebtedness of another not in writing and therefore barred by the statute. The court overruled the motion to dismiss at the conclusion of the plaintiff's case but sustained it on the second motion.

Motion for new trial was duly filed within three days and at the same time a motion by defendant asking that the court make separate findings of fact and law.  The court handed down a written opinion which was filed and at the end thereof the trial judge said that,

"If a motion for new trial is filed, it

may be considered overruled and an entry furnished accordingly."

The judgment entry recited the finding of the trial judge, the filing and overruling of a motion for new trial, entered judgment for the defendant and refused to make further separate findings of law and fact because such findings had been sufficiently set forth in the written decision of the trial judge. Among other errors it is assigned that the court erred in refusing to make separate findings of fact and law and in prejudging the plaintiff's motion for new trial.

Upon the former it would have been better procedure to have set forth the separate findings of fact and law in compliance with the motion of the plaintiff but in the situation presented here we cannot find that the plaintiff has been prejudiced thereby, because the written decision setting forth operative facts was filed.

There was no error in the court indicating that the motion for new trial, if filed, would be overruled. This is customary and proper procedure where a judge is trier of the facts. The only test to be applied is, was the action of the trial judge proper in formally overruling the motion for new trial? This being a law case, plaintiff was entitled to three days in which to file her motion after the finding of the judge and no judgment could properly have been entered before this time had elapsed. **Boedker v Richards Co., 124 Oh St 12.** The plaintiff availed herself of the opportunity of filing the motion within time and the entry overruling it succeeded the filing of the motion. The procedure was regular and no error appears unless the court improperly sustained the motion.

The trial judge in the written opinion which we have before us based his determination upon the finding under the evidence that the Statute of Frauds was a complete defense as to any money claimed to have been paid by the plaintiff for the defendant, and further that no evidence was forthcoming which would support the other averments of the petition.

We have read the record and conclude that, granting to the trial judge the rights and prerogatives of a jury on questions of fact, his finding and judgment cannot be disturbed. We would safely affirm the judgment upon the reasoning and conclusions of the trial judge.

It is asserted by counsel for the plaintiff that the conclusion of the judge as to the statements of the witnesses and their effect is incorrect. The judge sets forth the exact statement of one of the witnesses and the import and effect of the evidence is such that it may be said that it preponderates in favor of the theory of the defendant that any promise to pay that might have been made by the defendant to the plaintiff was to answer for the debt or obligation of another not in writing and therefore barred by the statute.

It is contended that the real estate, upon which there was a mortgage, and upon which mortgage obligation the plaintiff made payments, was the property of the defendant and not of either of his sons. The trial judge did not so find and in this we perceive no prejudicial error. If the real owner of the property was the defendant then clearly the propositions of law, that the obligation sued upon was his primary debt, would be well made. This fact not appearing, his obligation was secondary unless and until it affirmatively appears that he was making an independent obligation and assuming a direct liability. Some of the evidence tends to support this claim but the conclusion of the trial judge to the contrary is not so manifestly against the weight of the evidence as to require this court to intervene and set aside the finding and judgment. It will be affirmed.

BARNES, J, & GUERNSEY, J, concur.